13 N.J. Super. 11 (1951)
80 A.2d 118
MARGARET SCHNIPPER, PETITIONER-APPELLANT,
v.
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, NEW JERSEY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1951.
Decided April 11, 1951.
*14 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Joseph V. Cullum argued the cause for appellant (Mr. Cullum and Mr. Max A. Boxer, attorneys).
Mr. Nicholas S. Schloeder argued the cause for respondent.
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Appellant, Margaret Schnipper, was laid off on June 7, 1949, from her position as senior clerk bookkeeper by the Director, Department of Revenue and Finance, Township of North Bergen, whose letter to her bearing that date stated that the layoff was made "in order to effect economies * * * and in the public interest." The director's action was upheld by order of the Department of Civil Service, before us on the appeal.
The layoff followed a recall election in May, 1949, in which appellant supported a commissioner who was recalled. She asserted below that the real reason for her separation was political. The conclusion of the Department of Civil Service was that that consideration was immaterial as appellant had not sustained the burden of showing that the layoff was not for reasons of economy.
When the good faith of the asserted reason of economy is challenged before the Department of Civil Service, that agency must determine, after the hearing of evidence and argument, the fact question, "not narrowly whether a plan *15 conceived and adopted for the purpose of saving money, actually in operation, attained its purpose, but, whether the design in adopting the plan was to accomplish economy or, on the contrary, was to effect the removal of a public employee, protected by Civil Service, without following the * * * Civil Service Act." Newark v. Civil Service Commission, 112 N.J.L. 571 (Sup. Ct. 1934), affirmed 114 N.J.L. 185 (E. & A. 1935); Weaver v. New Jersey Department of Civil Service, et al., 6 N.J. 475 (1951). A presumption of good faith arises and the burden is on the separated employee to show bad faith. Hunziker v. Kent, 111 N.J.L. 565 (Sup. Ct. 1933). If that presumption is not overcome by sufficient proofs, it is of no consequence that there is proof showing that considerations other than economy underlay or played some part in that action. Santucci v. Paterson, 113 N.J.L. 192 (Sup. Ct. 1934); Camden v. Civil Service, 118 N.J.L. 501 (Sup. Ct. 1937).
Our review of the record satisfies us that Mrs. Schnipper did not sustain her burden in this case. Her duties consisted of typing the payroll, cutting payroll checks, sorting payroll vouchers, making entries in certain books and similar activities of a general clerical nature. Those duties are now being performed by one Peter McCosker, a senior clerk in the same $1,800-$2,400 salary range and appellant's senior in employment with the municipality. McCosker became an employee of the Department of Revenue and Finance when the Legal Department, to which he was attached, was transferred from the Department of Public Affairs upon the reorganization of the township commission after the recall election. The proofs are clear that McCosker is doing satisfactorily the work previously done by appellant, without increase of salary. The argument made in appellant's brief that the Legal Department was transferred from the Department of Public Affairs to the Department of Revenue and Finance for the sole purpose of justifying appellant's separation by assigning her work to McCosker, is utterly without support in the proofs.
*16 Appellant argues further that the assignment to McCosker of the duties of her position was in violation of R.S. 11:22-12, which provides "no person shall be appointed or employed under any title not appropriate to the duties to be performed nor assigned to perform the duties other than those properly pertaining to the position which he legally holds." The job descriptions of the titles senior clerk bookkeeper and senior clerk as adopted by the township ordinance differ in content, but it does not appear that the bookkeeping actually done by appellant and now being performed satisfactorily by McCosker demands the skill imported in the requirement of the job description for senior clerk bookkeeper that the incumbent have "considerable knowledge of modern bookkeeping procedures." So far as appears, bookkeeping as generally understood is not part of the job; the only evidence concerning books is that appellant's duties included the making of some simple entries in cash disbursement books; her work and time were principally devoted to the typing of the payroll, the cutting of payroll checks and the sorting of payroll vouchers. McCosker possesses the skills required to do all the work she was actually doing and, measured by the job descriptions, those duties are as much within the classification of senior clerk as they are of senior clerk bookkeeper. See In re Allen, 95 A. 215 (Sup. Ct. 1915) (not in state reports). Thus the proofs do not support appellant's contention that R.S. 11:22-12 is being violated, and we have no occasion to say whether the employment of persons in "out of title" positions is to be viewed as a proper consideration in determining the rights of a separated employee, cf. Krailbuehler v. Civil Service Commission, 134 N.J.L. 97 (Sup. Ct. 1946).
It is next argued that the Department of Civil Service erred in not directing that the municipality place appellant in the position of assessing clerk held by another employee, who was her junior in service, in a different branch of the Department of Revenue and Finance. Appellant argues that she was entitled to such order under R.S. 11:22-9 and *17 Rule 57 of the Department of Civil Service and that the order which was made, namely, that her name be placed upon a reemployment list for certification and appointment to the position of senior clerk bookkeeper or for another comparable position as vacancies occurred, gave her less protection than was her due. The order made was that expressly authorized by R.S. 11:22-9. Demotion to some lesser position is a protection given by R.S. 11:22-10, not to persons laid off or separated, but to persons whose positions are abolished. Rule 57 governs layoffs in order of seniority of employees "in a given class" and does not appear to require what in private employment is termed the "bumping" of employees junior in service in other equal or lesser classifications. In any event, we cannot say on this record that the Department of Civil Service was not justified in imposing the limitation provided by the order, since it is altogether clear not only that the position of assessing clerk is in another branch, but also that the functions and responsibilities of that position are very different from those required of a senior clerk bookkeeper whether the requirements of the latter job are determined by reference to the job description or in relation to the functions actually performed. See Krailbuehler v. Civil Service, supra.
The final argument is that the director should have been ordered to give Mrs. Schnipper the position of another senior clerk bookkeeper who was on leave of absence at the time of Mrs. Schnipper's layoff and whose work had been distributed among other employees. This contention has no merit. That position was vacant at the time of the hearing below by reason of the incumbent's resignation after Mrs. Schnipper was laid off. The director has not appointed any other person to the position and testified that he had no intention of doing so because the work is still being performed to his satisfaction by those to whom it was assigned at the time the incumbent was granted a leave of absence.
Affirmed.