267 A.2d 738.

FRANK J. RICCIARDI *et al. vs.* TOWN COUNCIL OF THE
TOWN OF NORTH PROVIDENCE *et al.*

JULY 13, 1970.

PRESENT: Powers, Joslin and Kelleher, JJ.

POWERS, J. These are cross appeals from the entry of a Superior Court judgment denying injunctive relief. In the view we take of plaintiffs' appeal, the circumstances of defendants' cross appeal need not be stated.

The record establishes that the appellee J-G-F Realty, Inc. is the owner of 54 parcels of land situated at the northwest corner of Douglas Avenue and Mineral Spring Avenue in North Providence. Together, they bound Douglas Avenue on the east 480 feet; Mineral Spring Avenue on the south 865 feet; the west boundary is approximately 850 feet; and the northeast and north boundaries measure a total distance of about 700 feet.

Some of these parcels were originally zoned "Limited Business"; still others were zoned "General Residence", while the remaining parcels were in a "Single-family Residence" zone. On March 6, 1967, a public hearing was held

by the town council on owner-appellee's petition to rezone the entire tract to "General Business."

On August 1, 1967, the town council granted the petition in part, preserving, however, the "General Residence" zone as to two parcels and the "Single-family Residence" zone as to 16 others.

Thereafter, the owner-appellee proceeded to take certain steps in the development of the site preliminary to the construction of buildings to be used in furtherance of an automobile dealership being operated on land adjacent to the rezoned tract also owned by it.

Almost nine months later, specifically on April 22, 1968, 12 persons owning property adjacent to the rezoned land filed a complaint in Superior Court seeking to declare the zoning amendment void, to enjoin the building inspector from issuing any building permits other than those which would be appropriate for uses under the original zoning, to enjoin the owner from constructing any building other than those permitted under the prior zoning, and for such other relief as might be proper. Answering, all defendants pleaded laches.

The cause was tried to a Superior Court justice on April 3, 1969, and resulted in the entry of a judgment denying and dismissing appellants' complaint. In the decision upon which the judgment is based, the trial justice found that, apart from the merits of appellants' complaint, they were guilty of laches and their claim was therefore stale.

The dispositive question, therefore, is whether there was evidence to support the trial justice's finding that any claim appellants might have had was stale. It is fundamental that the decision of a trial justice, sitting without a jury, will not be disturbed by us unless the findings of fact on which such decision rests are clearly wrong. *McConnell* v. *Golden,* 104 R. I. 657, 247 A.2d 909; *Spouting Rock Beach Ass'n* v. *Garcia,* 104 R. I. 451, 244 A.2d 871.

The record contains a voluminous transcript and certain exhibits. Among the latter are photographs which were taken at different stages of work on the rezoned premises undertaken by the owner-appellee in consequence of the zoning amendment. They are a composite representation of "before and after" as it were.

Mr. Guy Notarantonio testified on behalf of the appellee J-G-F Realty, Inc., he being a part owner thereof. From his testimony it appears that, as a result of and subsequent to the zoning amendment in question, the owner-appellee had expended $1,050 in clearing the tract of trees, and $350 to demolish a duplex house about 200 years old; that it had entered into a contract to install a drainage system to control a water problem on the tract in the amount of $7,200, and performance under this contract was commenced subsequent to the rezoning and was well underway when appellants filed their complaint.

He further testified to other expenses incidental to making use of the land as authorized by the zoning amendment. Moreover, the house which had been demolished in consequence of the zoning amendment had, until such amendment, been continuously rented.

On this view of the evidence, the trial justice found that owner-appellee had made substantial expenditures and otherwise changed its position during the nine months intervening between the enactment of the zoning amendment and appellants' commencement of litigation looking for equitable relief.

Conceding the applicability of the not clearly wrong rule, appellants vigorously argue, in essence, that many of the expenditures regarding which Notarantonio testified, would have been made in any event, and that those made in consequence of the zoning amendment were comparatively insignificant. The thrust of this contention is that owner-appellee did not so drastically change its position

in consequence of the rezoning as to bring the case within the applicable rule on laches.

In support of this contention, appellants refer our attention to numerous cases which, they argue, clearly establish the instant cause as one in which the doctrine of laches should not apply. Among these cited cases is *Pukas* v. *Pukas,* 104 R. I. 542, 247 A.2d 427. There, adhering to the well-settled rule, this court pointed out that laches does not arise out of delay alone but out of delay which, unexplained, operates to the prejudice of the other party. Continuing, we also noted that whether there is prejudice depends on the circumstances of each particular case.

Here, while, as appellants argue, one might speculate as to whether some of the expenditures incurred by owner-appellee might have been made if the subject property had not been rezoned, the trial justice was satisfied by the evidence that the prejudice to the owner-appellee was substantial. Having examined the record for ourselves in order to give a frame of reference to the evidence as appellants argue it, we are forced to conclude that the trial justice's findings of fact are not clearly wrong. Judgment is affirmed.

ROBERTS, C. J. and PAOLINO, J., did not participate.

*Lewis J. Pucci,* for plaintiffs-appellants.

*John M. Booth,* Attorney for J-G-F Realty, Inc., appelles; *Robert S. Ciresi,* Town Solicitor of North Providence, for defendant Town Council.