269 A.2d 788.

JOSEPH PATE *vs.* ROBERT E. SUTTON.

OCTOBER 22, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a civil action brought to recover damages alleged to have resulted from a collision between two motor vehicles at Apponaug Four Corners, so called, in the city of Warwick. The case was tried to a justice of the Superior Court sitting with a jury, a verdict for the defendant being returned. The plaintiff is now in this court prosecuting an appeal raising therein a single issue: whether the trial justice erred in instructing the jury in the law governing the making of left turns at highway intersections.

The testimony is in conflict as to the precise circumstances in which the collision occurred. According to plaintiff, he was operating in a southerly direction on Greenwich Ave-

nue approaching the intersection from the north. Upon entering the intersection after waiting for a change of lights, he started to make a left turn in an easterly direction into that portion of Post Road which constitutes the main street of Apponaug. He testified that he observed defendant approach the intersection from the south operating in a northerly direction and appearing to intend to make a right turn, and suddenly continue ahead. The plaintiff testified that he stopped his vehicle and defendant's vehicle came into collision with it. The defendant, on the other hand, testified that he was proceeding through the intersection in a northerly direction when plaintiff, entering in a southerly direction, made a left turn in front of him. He applied his brakes but, he testified, plaintiff's vehicle struck his car.

The trial justice, in the course of an extensive charge on the issue of contributory negligence, referred to certain statutory provisions which govern the making of left turns at intersections. In particular, he referred to the provisions of G. L. 1956, §31-16-2 (b), which prescribe the manner in which left turns shall be made at intersections. It is not clear from the transcript whether the trial justice was reading the statute or was merely summarizing it quite accurately. It does appear, however, to be a more or less verbatim recital of the content of the statute excepting the last sentence thereof. The plaintiff contends that it was prejudicial error to have omitted this last sentence and directs his present argument solely to that issue.

Section 31-16-2 (b) provides specifically: "At any intersection where traffic is permitted to move in both directions on each roadway entering the intersections, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left

turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered." An examination of the statute discloses that the final sentence of this section, which was not stated by the trial justice in the charge, reads: "Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection."

The trial justice in his charge did continue with the following sentence: "That means in common ordinary practice you take a square corner from the right side of the roadway from where you are square to the right side of the roadway that you're entering." The plaintiff contends that there is a sufficient inconsistency between the charge given and the omitted statutory provision as enacted to have misled and confused the jury on the issue of plaintiff's contributory negligence.

We are of the opinion that the instruction of the trial justice as to the method to be used in making the left turn prescribed in the statute, while imprecise, is hardly erroneous. The language of the statute requires only that the vehicle making a left turn at such an intersection enter the intersection from the right lanes of the highway it is leaving and thereafter, upon leaving the intersection, enter into the right lanes of the highway to be entered. Nothing in the statute requires that such a left turn be made on the theory of making a square corner, but rather it permits, in appropriate circumstances, the making of a turn left of the center of the intersection. However, there is, in our opinion, no evidence in the record which locates the point of impact to the left of the center of the intersection.

However, were we to concede that the charge as given was erroneous, the case, in our opinion, would be controlled by the well-settled view we take on the prejudicial effect of errors arising out of imprecise instructions in the law applicable to the issue in the case. We frequently have

held that we will not, other than in peculiar circumstances, lift such an imprecise instruction out of context in order to determine whether or not its effect was prejudicial. To the contrary, we will consider that issue in the light of the entire charge. In *Handy* v. *Geary,* 105 R. I. 419, 432, 252 A.2d 435, 442, we stated that a charge to the jury is to be considered in its entirety, and if by chance it contains an erroneous or imprecise instruction, the prejudicial effect of that error may be cured by another instruction given by the trial justice in the course of the entire charge.

In our opinion, the rule to which we refer was aptly expressed in *Camaras* v. *Moran,* 100 R. I. 717, 219 A.2d 487. There we said, in part, at 722, 219 A.2d at 490: "However, a charge to a jury is to be considered in its entirety, and in the instant case the trial justice gave clear instructions on the issues of negligence, proximate cause and the pertinent law to be applied by the jury to the facts of the case. We are convinced that the jury in this particular case was not misled or confused by the erroneous statement of the law and that the statement was harmless error." See also *Oddo* v. *Cardi,* 100 R. I. 578, 218 A.2d 373.

The plaintiff urges vigorously that the jury could only have reached its conclusion as to the contributory negligence of plaintiff on a finding that he had made a left turn to the left of the center of the intersection. He argues that on such a finding the jury was compelled by the instruction given by the court to find that plaintiff had been in some degree negligent in that he did not make the left turn with a square corner. We cannot concur in such a conclusion. In fact, from our examination of the transcript we are unable to determine precisely where plaintiff made his left turn in the intersection. The plaintiff, in our opinion, is engaging in mere speculation as to the jury's reasons for finding for defendant. Such a finding obviously could have been based on a conclusion that

636

defendant was not negligent in the premises or that some other act on the part of plaintiff constituted the negligence which it found to have contributed to the cause of the occurrence.

The court instructed the jury not only as to the manner in which left turns should be made under the statute, but he charged specifically on the issue of the plaintiff's contributory negligence. He directed attention to statutory provisions establishing rights of way in intersection turning cases and statutory provisions requiring the use of turning-signal devices. He advised the jury further that if there were a violation of any of the statutes to which he had made reference in his charge, such fact was to be taken together "* * * with all the other facts and circumstances in evidence in determining whether or not plaintiff was contributorily negligent before and at the time of the occurrence in question." It is our opinion, after a perusal of the charge as given, that it was sufficiently comprehensive to correct any adverse effects to the plaintiff that might have resulted from the omission of the last sentence of §31-16-2 (b) or from the references by the trial justice to making left turns by way of square corners.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Motion to reargue denied.

*Pucci, Zito & Goldin, J. Ronald Fishbein,* for plaintiff.
*Keenan, Rice, Dolan & Reardon; John F. Dolan,* for defendant.