292 A.2d 860.

AUGUSTINE BARATTINI *vs.* DAVID R. McGOVERN,
*City Treasurer.*

JULY 12, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This civil action was brought to recover damages for injuries alleged to have been sustained by the plaintiff when he stepped on the cover of a catch basin located on the sidewalk of Plainfield Street in the city of Providence. The case was heard by a justice of the Superior Court sitting without a jury, who thereafter found for the plaintiff in the amount of $1,700 plus interest, and judgment entered thereon. The defendant municipality is now prosecuting an appeal to this court from that judgment.

There was some conflicting testimony as to whether plaintiff was walking or running across Plainfield Street at that time and as to the amount of snow or ice that had accumulated around the cover of the catch basin. The plaintiff had just left a restaurant and was crossing Plainfield Street to return to a gasoline station where he was employed. According to his own testimony, he stepped up to the curb and onto the metal cover of the catch basin. It is not disputed that the cover of the catch basin yielded and opened in such a manner that his right foot and leg slid into the opening.

362

The situation, then, is one in which the parties have submitted the controversy, both on the law and the evidence, to a justice of the trial court sitting without a jury. We have repeatedly held that in such situations the findings of fact of the trial court will be given great weight and will not be disturbed on appeal by this court unless it is shown that the trial justice was clearly wrong. *F. D. McKendall Lumber Co.* v. *Buratti,* 107 R. I. 158, 265 A.2d 732 (1970); *Chace* v. *Anarumo,* 104 R. I. 48, 241 A.2d 628 (1968).

In the circumstances, then, it was the burden of defendant to establish that the trial justice was clearly wrong in that he either overlooked or misconceived material evidence on a controlling issue. *Coutanche* v. *Larivierre,* 107 R. I. 1, 7, 264 A.2d 26, 29 (1970). In our opinion, defendant has not met that obligation. The defendant contends that the trial justice overlooked or misconceived the evidence as to the manner in which plaintiff crossed the street and stepped onto the catch basin cover. It is well established in this state that the question of contributory negligence is usually a question of fact unless the facts are such that a person of ordinary prudence would perceive at once what he should have done or what he should have refrained from doing. *Saritelli* v. *Industrial Trust Co.,* 84 R. I. 42, 121 A.2d 329 (1956). In that situation the question is one of law. Here the evidence concerning plaintiff's crossing the street and stepping on the catch basin cover is in some conflict. We do not agree that the trial justice either overlooked or misconceived that evidence in finding as a matter of fact that plaintiff was not contributorily negligent.

Neither can we agree that the trial justice overlooked or misconceived evidence concerning the defective condition of the cover or that which relates to whether defendant, as a reasonable person, should have known of the de-

fect. There was evidence specifically referring to the condition of the cover of the catch basin which permitted the trial justice to reasonably find that it had been rendered unsafe because its worn condition allowed ice to form in such a manner as to make it dangerous when stepped upon. He found further that the city, while it may not have had actual notice of the defective condition of the cover, could have become aware of its defective condition by the making of reasonable periodic inspections. Here the evidence is that defendant at no time made any periodic inspections of the condition of these covers until such time as a complaint was received concerning a specific cover. We think this is sufficient to establish that defendant, as a reasonable person, should have had notice of the dangerous condition of the cover. *See Rotella* v. *McGovern,* 109 R. I. 529, 288 A.2d 258 (1972).

It is our opinion that on the basis of the evidence presented to us in the record, we cannot say that the trial justice was clearly wrong in reaching his decision in this case. The trial justice might well have been more explicit in stating the reasons for his conclusions of fact, but what he did state, in our opinion, is sufficient to persuade us that he neither overlooked nor misconceived any material evidence on a controlling issue. We are constrained for that reason to hold that he was not clearly wrong and that his decision should be sustained.

The appeal of the defendant is denied and dismissed, and the judgment appealed from is affirmed.

*Carmine R. DiPetrillo,* for plaintiff.

*Robert J. McOsker,* City Solicitor, *Steven S. Saber,* Asst. City Solicitor, for defendant.