299 A.2d 174.

FRANCOIS D. GABORIAULT *et al. vs.* RITA DENELLE.

JANUARY 10, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The plaintiffs are three of the seven children and heirs-at-law of the late Adelaide Louise Gaboriault, who died on May 10, 1965. In this civil action they ask that Rita Denelle, their sister and the defendant herein, be required to account for her management of their mother's affairs. A Superior Court justice found that Rita Denelle had received $7,031.01 more from the mother than she had expended for her benefit, and that the seven children, as her heirs-at-law, were therefore each entitled to one-seventh of that excess. Accordingly, he authorized the defendant to retain a one-seventh share thereof for her own account, and directed her to distribute the balance, together with interest thereon, in equal shares of $1,004.43 each to her brothers and sisters. The defendant appeals.[1]

_____

[1]After the case had been argued here we, sua sponte, ordered the papers sent back to the Superior Court for entry of judgment *nunc pro tunc*. Following entry of that judgment the papers were retransmitted here and the case is now in order for disposition. *Metts v. B. B. Realty Co.*, 108 R. I. 55, 271 A.2d 811 (1970); *Malinou v. Kiernan*, 105 R. I. 299, 251 A.2d 530 (1969).

The defendant challenges only the trial justice's factual determinations, but she fails to support that challenge by establishing that he overlooked or misconceived material evidence or was clearly wrong. The judgment must therefore be affirmed. *Boyd Corp.* v. *Custom Distributing Corp.*, 108 R. I. 610, 277 A.2d 920 (1971); *Oury* v. *Greany*, 107 R. I. 427, 267 A.2d 700 (1970); *Ricciardi* v. *Town Council*, 107 R. I. 361, 267 A.2d 738 (1970).

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Joseph E. Marran, Jr.,* for plaintiffs.

*Stephen R. Walsh,* for defendant.