381 A.2d 1034.

ATLANTIC PAINT & COATINGS, INC. *vs.* CRESCENZO CONTI D/B/A HOPE GENERAL PAINTING CO..

DECEMBER 15, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J.   This is a civil action for goods sold and services rendered by the plaintiff, Atlantic Paint & Coatings, Inc., against the defendant, Crescenzo Conti d.b.a. Hope General Painting Co. The case was tried to a jury in the Superior Court which returned a verdict for the plaintiff in the amount of $12,235.61. The defendant appeals.[1]

The defendant raises four issues on appeal. His first relates to a ruling by the trial justice excluding an offer of proof through which defendant attempted to demonstrate that he could not have ordered the quanitity of goods shown on the business ledger offered into evidence by plaintiff. The defendant next argues that the trial justice erred in refusing to admit into evidence copies of pleadings filed by plaintiff against defendant in District Court. Third, he argues that the trial justice erroneously charged the jury, and finally, he appeals the denial of his motion for a new trial.

---

[1]This is the second time this case has come before us. The initial trial resulted in a jury verdict for the plaintiff in the amount of $6,136.78. The trial justice granted plaintiff's motion for an additur of $6,100 or, in the alternative should the defendant not agree to the additur, a new trial. The defendant refused to consent to the additur and appealed the order for a new trial. We dismissed that appeal pursuant to Supreme Court Rule 16(g). *Atlantic Paint & Coatings, Inc.* v. *Conti,* 114 R.I. 923, 330 A.2d 904 (1975).

Atlantic Paint & Coating, Inc., was at all times relevant to this case in the business of selling various types of paint and painting supplies. Crescenzo Conti is a painting contractor and the sole proprietor of his business, Hope General Painting Co.

The defendant or his agents ordered paint and supplies from plaintiff on numerous occasions at irregular intervals from October 7, 1967, to October 4, 1969. During this period of time defendant was working on three government contracts which involved painting various buildings at Otis Air Force Base on Cape Cod, Westover Air Force Base in Springfield, Massachusetts, and Quonset Point in Rhode Island. These contracts were awarded on the basis of competitive bidding.

The normal business practice of plaintiff obligated contractors to pay within thirty days of delivery. However, plaintiff agreed to extend that period to sixty days for defendant. The plaintiff kept a running account of the business transacted with defendant, entering both debits and credits in the account either simultaneously or in close proximity to the transactions. Monthly statements were sent by plaintiff to Conti detailing the date, invoice number and price of each purchase which had taken place during the preceding thirty days. Deliveries were made by plaintiff to locations designated by defendant.

Business between the parties proceeded on a normal course for seventeen months. The defendant was often behind in his payments but finally managed to achieve a zero balance on plaintiff's running account on March 14, 1969. However, from that date to October 4, 1969, plaintiff's running account reached a balance of $12,235.61 owed by Conti. There was disputed testimony on the issue of whether Conti had ever orally notified Atlantic Paint that he believed he was being overbilled. Conti admitted he had never disputed the balance due in writing. In addition, Conti was unable to identify any merchandise listed on any

invoice as having been billed but not delivered, and he was also unable to produce any documents indicating the amount he believed he owed Atlantic Paint.

On December 5, 1969, plaintiff filed five separate suits against defendant in District Court for failing to pay various portions of the entire account. The total ad damnum of the individual suits amounted to approximately $8,290. These suits were later voluntarily dismissed without prejudice when the defense of splitting a cause of action was raised. The plaintiff subsequently filed this action in the Superior Court listing the entire amount due and owing.

The first point raised by defendant on appeal is the exclusion by the trial justice of his offer of proof concerning the total area of the government buildings to be painted and the total amount of paint required to cover that area. The defendant attempted to show through the use of documentary evidence and expert testimony that the amount of paint required to cover the government buildings on which Conti was working was substantially less than that which was reflected on the running account offered into evidence by plaintiff. Through this evidence defendant hoped to have the jury believe that some of the paint itemized on the running account had not in fact been delivered. The trial justice refused to admit this proposed testimony into evidence on the grounds that it was not material to the issue of whether or not plaintiff furnished the paint to defendant.

It is a well-settled rule in this state that the admission of evidence such as that offered by defendant rests in the sound discretion of the trial justice. *Engelhardt* v. *Bergeron,* 113 R.I. 50, 57-58, 317 A.2d 877, 882 (1974). The exclusion of such evidence is not reversible error unless the trial justice abused his discretion, thereby causing substantial injury to the party making the offer of proof. Such injury occurs "only if the evidence excluded was relevant and material to a crucial issue and if it can with reason be said that such evidence, if admitted, would probably have influenced the

verdict or had a controlling influence on a material aspect of the case." *Urbani* v. *Razza,* 103 R.I. 445, 449, 238 A.2d 383, 386 (1968). The burden of showing that the proposed evidence was material and that exclusion of the evidence had a prejudicial influence on the verdict rests upon the party making the offer of proof. *Mercurio* v. *Fascitelli,* 116 R.I. 237, 244, 354 A.2d 736, 740 (1976). The defendant has failed to make a showing that the proposed testimony was material, and we are of the opinion that even had such a showing been made, the evidence would not have influenced the verdict.

An offer of proof advanced by counsel at trial ought to be reasonably specific rather than general and should be designed to make the trial justice fully aware of the substance and value of the proposed evidence. *Manning* v. *Redevelopment Agency,* 103 R.I. 371, 378-79, 238 A.2d 378, 382 (1968). The testimony offered by defendant would have placed into evidence the square footage of the surfaces required to be painted, if properly prepared, and the square footage which each gallon of paint would cover if properly applied. The defendant offered to prove that the surfaces were properly prepared because defendant was paid for his work. However, the offer of proof failed to show that defendant had used the paint ordered from plaintiff solely on the government buildings whose area formed the basis of defendant's argument. In view of the evidence the trial justice had before him, we cannot say that he abused his discretion by refusing to admit the proposed testimony into evidence.

Furthermore, we conclude that the admission of this evidence would not have influenced the verdict. The jury had before it evidence that defendant had estimated the amount of paint he would need before bidding on the government contracts, but defendant admitted that he kept no records as to the amount of paint he actually ordered from plaintiff. The defendant was unable to point to any specific

order of paint which had not been delivered. He testified that he had instituted no inventory controls to keep track of the amount of paint he received and used. He was unable to testify as to the amount of spillage or pilferage which occured and had on occasion allowed orders from plaintiff to remain in his home driveway overnight. He admitted that he used paint ordered from plaintiff for jobs other than his government contracts. The jury also had before it evidence that plaintiff sent a monthly statement to defendant and disputed testimony on the issue of whether, despite these monthly records, defendant ever complained to plaintiff that he was being billed for paint he never ordered or received.

The proposed testimony would have added little to offset this evidence, particularly when viewed against the detailed business records offered into evidence by plaintiff. The ruling of the trial justice did not prejudice defendant because the proposed evidence would not have influenced the verdict. *McSoley* v. *McSoley*, 91 R.I. 61, 161 A.2d 216 (1960); *Engelhardt* v. *Bergeron, supra.*

The second claim of error raised by defendant is the failure of the trial justice to allow into evidence the pleadings filed in the prior District Court proceedings, Those five suits brought by plaintiff sought damages totalling in excess of $8,000. The defendant offered the pleadings into evidence in an attempt to cast doubt as to whether Atlantic believed it was owed $12,000 as recorded in its business ledger.

Although this court has never reached the precise issue of whether pleadings voluntarily withdrawn in one case are admissible in a subsequent trial against the party who filed the pleadings, we have stated that a plaintiff has a right to prove the contents of a plea which had previously been withdrawn by a defendant in the same trial as an admission against that defendant. *O'Connell* v. *E.C. King & Son*, 26 R.I. 544, 59 A. 926 (1905). Most courts which have reached

the issue have held that pleadings in prior trials are admissible against the party filing the pleadings in a subsequent trial. *Rogers Inv. Co.* v. *F.W. Woolworth Co.*, 161 Conn. 6, 282 A.2d 882 (1971); *Bentley* v. *Ayers*, 102 Ga. App. 733, 117 S.E. 2d 633 (1960); *Osborne* v. *Osborne*, 325 Ill. 229, 156 N.E. 306 (1927); *In re Estate of Malli*, 260 Iowa 252, 149 N.W.2d 155 (1967); *Betts* v. *Gilbert*, 149 Kan. 431, 87 P.2d 637 (1939); *Shelley* v. *Smith*, 249 Md. 619, 241 A. 2d 682 (1968); *Himelson* v. *Galusz*, 309 Mich. 512, 15 N.W.2d 727 (1944); *Safransky* v. *City of Helena*, 98 Mont. 456, 39 P.2d 644 (1935); *Zimmerman* v. *Lindblad*, 154 Neb. 453, 48 N.W.2d 415 (1951). The fact that the pleading was voluntarily withdrawn in the first case has been held not to affect its admissibility in the second trial. *Safransky* v. *City of Helena, supra.*

We agree with the general view that pleadings in prior cases are admissible against the party filing the pleading in a subsequent trial on the basis that such a pleading constitutes an admission by a party-opponent. These admissions are, of course, open to explanation by the party against whom the pleadings are offered. *Rogers Inv. Co.* v. *F.W. Woolworth Co., supra.* While there are certainly exceptions to this general rule, such as situations in which the pleadings utilize inconsistent or alternative statements of claims and defenses and the admission of such evidence would cause undue prejudice, or situations in which counsel drafted and filed pleadings without the knowledge or consent of the party, this does not appear to be such a case, We find no reason why the ad damni of the pleadings filed by plaintiff do not constitute an admission by plaintiff on the issue of how much he was owed by defendant for the goods which formed the basis of the five District Court actions.

This decision, of course, does not resolve the issue of admissibility. In order to be admissible in the subsequent proceeding, the pleadings must be relevant to issues raised at trial. *Bentley* v. *Ayers, supra.* We note that the trial justice

appears to have excluded the pleadings on the basis of relevancy, apparently acknowledging that they did constitute admissions by plaintiff. The plaintiff, who argues that the District Court actions were based only on isolated business transactions rather than on the balance listed in the account, urges us to uphold the ruling of the trial justice.[2] We cannot agree.

The ad damni of the District Court pleadings are relevant pieces of evidence tending to raise a question as to how much money plaintiff actually believed was owed by defendant. The plaintiff argues that these suits were not filed on the entire balance. That may well be so, and if true would provide plaintiff with fertile ground for rebuttal testimony. However, defendant ought to have been allowed to explore this possible discrepancy.

Despite reaching the conclusion that these pleadings were at least tangentially relevant, it is our opinion that this evidence, if admitted, would not have influenced the verdict. *Mercurio* v. *Fascitelli, supra.* Our examination of the evidence, in addition to the obvious availability of plaintiff's rebuttal evidence, leads us to the conclusion that the error was harmless and caused no real prejudice to defendant. *Engelhardt* v. *Bergeron. McSoley* v. *McSoley,* both *supra.*

The defendant next argues that the trial justice improperly charged the jury on the issue of defendant's acquiescence in the amount owed as claimed by plaintiff. The charge of the trial justice to which defendant objects is as follows:

---

[2]At trial plaintiff's counsel inadvertently informed the trial justice that the five suits were brought under the old District Court rules, as provided in G.L. 1956 (1969 Reenactment) §8-8-20, which allowed for civil actions with an amount in controversy of $1,000 or less. The record indicates that these suits were brought on December 5, 1969. However, the jurisdictional amount was raised to $5,000 by P.L. 1969, ch. 239, §4, which became effective on September 15, 1969, three months prior to the filing of these actions. It is unclear from the record whether this inadvertent error affected the ruling of the trial justice on the admissibility of this evidence.

"In the instant case, from the evidence adduced, three articles of statements were mailed by the plaintiff to the defendant, including credit and charge invoices, monthly statements and that the defendant made three separate payments by check on this account at various times without having raised an objection to the balance of the account on the occasion of these payments. The jury — you may draw reasonable inferences from such evidence that the defendant presumed said account and its balance on the occasion of having made such payment to have been correct and accurate."

There is evidence in the record that plaintiff sent defendant a monthly statement of the balance due. There is further evidence that on three occasions from March 14, 1969, when a zero balance was reached, to October 4, 1969, defendant forwarded to plaintiff checks in various amounts.[3] There is also evidence that defendant admitted being unable to find any error in the account. There is uncontradicted testimony that defendant never objected to the account in writing. There was also disputed testimony as to when, and if, he disputed it orally with Richard Main, president and treasurer of the plaintiff corporation.

We uphold the charge of the trial justice for several reasons. First, the evidence presented at trial clearly gave rise to an inference that defendant presumed the account to be accurate at the time he made the partial payments. This follows from the testimony that the balance was not disputed and the fact that defendant in November, three months after the third check was sent, still was unable to

---

[3]On April 1, 1969, plaintiff sent a statement to defendant with a balance of $254.55. The plaintiff received a check in that amount on April 16, 1969. On June 1, 1969, the statement sent to defendant listed a balance of $2,620.25. A check was received by plaintiff for $700 on June 16, 1969. On August 1, 1969, plaintiff sent a statement for $6,275.57 and received a check for $3,198.25 on August 12, 1969. The balance due reached $12,235.61 on October 4, 1969, and no further checks were sent.

find any error in the account despite the assistance of his accountant. Second, the trial justice clearly charged the jury that it *may* draw an inference from the evidence presented, not that it *must* draw such an inference. From the evidence, such an inference was clearly permissible. Third, the trial justice in any event charged the jury in the alternative in case they chose not to draw the inference of the presumed accuracy of the account:

> "If you find that the defendant did not agree at any time or from time to time as to the balance due on the account then you must decide the amount owed by the defendant to the plaintiff on the running book account in accordance with the evidence produced."

We have consistently held that a charge to the jury should be viewed in its entirety and not by analysis of only a portion thereof in order to determine whether any prejudice occurred. *Nardolillo* v. *Ward Foods, Inc.*, 113 R.I. 255, 319 A.2d 651 (1974); *Pate* v. *Sutton*, 107 R.I. 632, 269 A.2d 788 (1970); *Handy* v. *Geary*, 105 R.I. 419, 252 A.2d 435 (1969). Examining the charge before us, we find the jury instructions given by the trial justice were eminently fair and quite correct. Consequently, there is no prejudice to defendant.

The defendant's final assignment of error is that the trial justice erred in denying his motion for a new trial. The party appealing an adverse ruling on a motion for a new trial assumes the burden of convincing us on appeal that the trial justice in considering the motion overlooked or misconceived material evidence or was otherwise clearly wrong. *Powless* v. *Pawtucket Screw Co.*, 116 R.I. 158, 352 A.2d 643 (1976); *Sweet* v. *Hemingway Transport, Inc.*, 114 R.I. 348, 333 A.2d 411 (1975). The defendant has failed to convince us that the trial justice's denial of the motion for a new trial was error.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Quinn, Cuzzone & Geremia, John F. Cuzzone, Jr.,* for plaintiff.

*Hodosh, Spinella, Hodosh & Angelone, Gerard McGovern DeCelles,* for defendant.