383 A.2d 589.

CLAUDE LEFEBVRE *vs.* MOSES KANDO *et al.*

MARCH 13, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM.    The Charter of the City of Pawtucket, as well as the rules and regulations in implementation thereof, require that all permanent employees in the personnel system receive annual job efficiency ratings. Notwithstanding, the city solicitor did not rate his two assistants during their respective several years of employment because in his opinion for one attorney to rate another is professionally improper. Thus, when a decreasing work load in the law department dictated the laying-off of one of those assistants, no efficiency ratings were available. Consequently, the defendants ignored the charter requirement that "efficiency rating shall be considered * * * as a factor in determining the order of lay-offs because of lack of * * * work." Instead, seniority in service was the sole criterion.

The plaintiff, the junior of the two assistants in time of service and thus the one terminated, was unable to persuade the Superior Court that defendants' failure to consider efficiency ratings as a factor in the lay-off process entitled him to relief in the civil action he brought to enjoin termination of his employment. In our judgment, this was error. True, no efficiency ratings were available for consideration at the time of termination, but the city solicitor could have been ordered to evaluate forthwith the services of each of the assistants during their respective terms of employment. The plaintiff was entitled to at least that consideration. Although obviously such an evaluation at this late date will not be an equivalent of what would be available had there been full compliance with the pertinent requirements, it will insure as close an approach to compliance as is now possible in the light of all the circumstances. In addition, it will prevent the city solicitor's prior noncompliance with one charter requirement from providing an acceptable excuse for noncompliance with another requirement. And finally, this evaluation will not, as the dissent suggests, be an exercise in futility for it is not to be presumed that plaintiff will necessarily be evaluated as less efficient than the other assistant.

The plaintiff's appeal is sustained, the judgment appealed from is reversed and the case is remanded to the Superior Court for further proceedings.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

Mr. Justice Doris, dissenting. The result reached by the majority seems to me to be an exercise in futility since by its very language all that is required on remand is an assessment by the city solicitor that plaintiff was less efficient than the assistant solicitor who was retained. For the reasons that follow, I therefore respectfully dissent.

In order to place the matter in its proper perspective a short review of the record appears desirable.

The record indicates that after completing a probationary period as provided by the Pawtucket City Charter, plaintiff, in September 1969, received a permanent appointment as an assistant city solicitor. Under the provisions of the charter, by virtue of said appointment, plaintiff became a classified city employee subject to the City of Pawtucket Personnel Rules and Regulations.

The plaintiff served continuously as an assistant city solicitor until April 2, 1976, when defendant Kando, City Solicitor of Pawtucket, notified the director of personnel by letter that the services of plaintiff as an assistant city solicitor were to be terminated. The notification set forth that since the legal department had been relieved of certain duties involving negotiations, etcetera, the services of two assistant solicitors were no longer necessary. Kando notified the personnel director that since plaintiff was the junior assistant solicitor, his services were being terminated as of April 10, 1976. The defendant Kando further notified the director of personnel that plaintiff's name was to be placed on the appropriate eligibility list to be used for reemployment in the event it became necessary to employ a second assistant city solicitor. Further, in accordance with the personnel rules and regulations, Kando certified that plaintiff was being terminated because the work load of the legal department could be handled adequately by the city solicitor and the one assistant city solicitor, and not for any reason which would reflect discredit upon plaintiff.

The issue before us on appeal is whether or not the trial justice committed error when he found that defendants acted within the provisions of the Pawtucket City Charter and the Personnel Rules and Regulations pursuant thereto when they terminated plaintiff's employment.

Where a municipal employee is laid off for reasons of economy or for lack of work, it is presumed that the lay-off

is in good faith, and in order to rebut that presumption the plaintiff has the burden of proving bad faith. *McCarty* v. *Mayor & Council*, 265 Md. 423, 290 A.2d 521 (1972); *Gaul* v. *City of Philadelphia*, 384 Pa. 494, 121 A.2d 103 (1956); *Schnipper* v. *Township of North Bergen*, 13 N.J. Super. 11, 80 A.2d 118 (1951); see also 4 McQuillin, *Municipal Corporations* §12.246 (3d ed. 1968). The plaintiff herein failed to show bad faith on the part of defendants.

The trial justice found that the action of defendants in terminating plaintiff's employment was a lay-off and that plaintiff's name was properly placed on the eligibility list for employment. The trial justice further found that such action by defendant Kando in his official capacity as city solicitor was a good-faith judgment and in accordance with the rules and regulations governing a lay-off.

It is well settled that the findings of a trial justice, sitting without a jury, are entitled to great weight and will not be disturbed by this court on appeal unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Raheb* v. *Lemenski*, 115 R.I. 576, 350 A.2d 397 (1976); *Barattini* v. *McGovern*, 110 R.I. 360, 292 A.2d 860 (1972).

There was testimony that labor negotiations were no longer handled by the legal department but were turned over under a contract to a firm of labor consultants and that only legal matters concerned with the negotiations were handled by the law department. It was further testified that the work load of the legal department required only the services of the solicitor and one assistant solicitor.

The defendant Kando testified that with the institution of the criminal information procedure in the District Court, the work load of the legal department, insofar as it applied to the District Court, was lessened as many of the duties which had formerly been handled by its legal department were being performed by the office of the Attorney General.

The plaintiff while stating that the city had contracted out to private consultants legal work that should be performed by the legal department provided no evidence to substantiate such a statement. The plaintiff testified that the work load of the legal department required the services of two assistant solicitors and attempted to buttress this testimony by means of records showing the number of cases handled in the District and Family Courts. The trial justice was not convinced by this testimony, and we cannot say that he was clearly wrong.

The plaintiff next asserts that the Pawtucket City Charter and Personnel Rules and Regulations required efficiency ratings to be the sole criteria for determining the order of lay-offs and that since admittedly no efficiency ratings existed for employees of the legal department, plaintiff's services were unlawfully terminated. He argues that consequently the method used by defendant Kando in determining the order of the lay-off, namely seniority, was contrary to the provisions of the charter and the personnel rules and regulations. The majority appears to agree with this contention. The plaintiff directs our attention to Pawtucket City Charter, §7-105(16), which states:

> "The establishment of a system for determining and reviewing, and the keeping of records of annual efficiency ratings of performance of all employees in the personnel system, which efficiency ratings shall be considered in determining salary increases and decreases provided in the pay plan, as a factor in promotion tests, as a factor in determining the order of lay-offs because of lack of funds or work and for reinstatement, and as a factor in demotions, discharges and transfers."

He further points to Rule XIII of the personnel rules and regulations entitled, "Efficiency Ratings," the pertinent portion of which reads as follows:

> "SECTION 2. Efficiency ratings shall be con-

sidered in determining salary increases and decreases, the order of lay-offs, as a factor in promotional tests, and as a factor in transfers, demotions and dismissals.

"The weight to be given such ratings in connection with these personnel transactions shall be determined by the Director. Efficiency ratings of an employee shall be open to inspection by the employee, but not to public inspection."

The plaintiff's and the majority's reliance on this argument appears to me to be ill-founded since a close reading of the quoted provisions indicates that efficiency ratings are to be considered merely as a *factor* in determining the order of lay-offs, and further that the weight to be given to such ratings is to be determined by the personnel director.

In the absence of efficiency ratings, I conclude that the use by the defendants of seniority in determining the order of the lay-off was not only reasonable in the circumstances but clearly fair and proper. The trial justice was therefore correct in his determination that the action of the defendants was in accordance with the provisions of the Charter and the Personnel Rules and Regulations of the City of Pawtucket.

I would therefore deny the appeal of the plaintiff and affirm the judgment of the Superior Court.

*John F. McBurney,* for plaintiff.

*William F. McMahon,* for defendants.