388 A.2d 361.

EMILY GAGLIONE *v.* AMERICO CARDI *et al.*

JULY 21, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J.    This is an appeal from a judgment entered by a justice of the Superior Court, sitting without a jury, denying

the plaintiff's claim for specific performance and damages on the grounds of laches. The plaintiff appeals.

On August 5, 1965, plaintiff, Emily Gaglione, entered into a purchase and sale agreement with defendants, Americo and Alfredo Cardi, for the purchase of nine real estate lots located in the city of Warwick. The agreement was recorded in Warwick on November 19, 1965. The plaintiff agreed to pay $20,000 for the property, with $1,000 to be paid as a downpayment, $4,000 due upon delivery of the deed, and the balance to be paid within one year of the date of the closing. The parties agreed that the closing would occur on or before February 1, 1966. They also agreed that defendants would provide plaintiff with the fill necessary to level off the property without cost, although plaintiff agreed to bear all transportation expenses.

It is undisputed that at the time of the execution of the agreement, defendants did not own one of the lots included in the agreement. The plaintiff testified that she had been informed of this fact by defendants' agent, Carl H. Rosati, Jr., at the time the agreement was signed. However, both Rosati and defendant Americo Cardi testified that at the time of the agreement they believed defendants to be the owners of all nine lots.

Upon learning that they were not the owners of one lot, defendant Americo Cardi testified that he entered into an agreement with the record owner of the property on October 29, 1965, to purchase the property for $5,000. The closing date for this sale was also set for February 1, 1966. The sale, however, did not occur until October 28, 1966.

On October 26, 1972, plaintiff commenced this action in the Superior Court seeking specific performance of the August 1965 agreement or, in the alternative, damages for breach of that agreement. The defendants counterclaimed, alleging that plaintiff had recorded the August 1965 agreement which was acting as a cloud on the title, and seeking a

discharge of the recording. The defendants also counter-claimed for damages.

At trial, plaintiff testified that she had been ready, willing and able to purchase the property at all times subsequent to the execution of the agreement but had never been contacted by defendants regarding a closing. The plaintiff's husband, Frank Gaglione, who was acting as her agent during this time, testified that he had been informed by a title insurance company in 1968 that defendants did not wish to close the sale. He further testified that, subsequent to this notification, he approached defendant Americo Cardi regarding the sale and was offered the nine-lot parcel and an additional parcel for $40,000, which he declined.

The defendant Americo Cardi admitted that he was unable to give clear title to the nine-lot parcel on February 1, 1966, but testified that he notified plaintiff's husband that he was ready to close after having purchased the ninth lot in October of 1966. The plaintiff's husband, however, told Cardi that he could not complete the purchase because of difficulties with the Internal Revenue Service. Cardi then told plaintiff's husband that "the deal was off."

Carl Rosati, defendant's agent, also testified that plaintiff's husband had informed him that the transaction could not be closed because of tax problems. Thereafter, Rosati returned plaintiff's $1,000 deposit to the office of an attorney with whom plaintiff's husband had consulted regarding the purchase of the parcel. Rosati further testified that in his opinion the value of the property had appreciated to between $110,000 and $115,000 by 1972.

After the close of the evidence, the trial justice found that defendants had in good faith made a contract to sell nine property lots which they believed they owned. He found that Americo Cardi attempted to complete the contract by spending $5,000 to purchase the ninth parcel. The trial justice further found that defendants had prepared a deed and had attempted to perform but that plaintiff refused to close.

With respect to the return of plaintiff's deposit, the trial justice found that Rosati had returned the $1,000 to plaintiff's attorney after defendant Americo Cardi had terminated the agreement. He found no testimony indicating that plaintiff's attorney had not received the deposit.

Finally, the court found that plaintiff was guilty of "gross laches" in view of the long delay in filing suit coupled with the dramatic intervening increase in the value of the property. He further found the recorded purchase and sale agreement to be a cloud on the title and ordered it removed. From this judgment and the subsequent denial of her motion for a new trial, plaintiff appeals.

The plaintiff first argues that the trial justice erred in ruling on three evidentiary questions. We do not agree. Two of the questions at issue were asked by plaintiff's attorney to defendant Americo Cardi. Both questions were objected to by defendants' attorney as immaterial, and both objections were sustained. The initial question sought to ascertain the amount Americo Cardi expected to pay for the one lot in the parcel which defendants did not own. The second question attempted to ascertain the existence of other property owned by defendant Americo Cardi adjoining the nine-lot parcel.

It is well settled in this state that the trial justice must exercise his discretion on the admission of evidence objected to as being irrelevant or immaterial. *Atlantic Paint & Coatings, Inc.* v. *Conti,* 119 R.I. 522, 526, 381 A.2d 1034, 1036 (1977); *Engelhardt* v. *Bergeron,* 113 R.I. 50, 57-58, 317 A.2d 877, 882 (1974). The exclusion of such evidence is not reversible error unless the trial justice abused his discretion, thereby causing substantial injury to the party seeking the admission of such evidence.

Substantial injury occurs only if such evidence was relevant and material to a crucial issue and if the evidence, if admitted, would have had a controlling influence on a material aspect of the case. *Urbani* v. *Razza,* 103 R.I. 445, 449, 238 A.2d 383, 386 (1968). The burden of demonstrating

that the proposed evidence was material and that its exclusion had a prejudicial influence on the decision rests upon the party seeking its admission. *Atlantic Paint & Coatings, Inc.* v. *Conti, supra; Mercurio* v. *Fascitelli,* 116 R.I. 237, 244, 354 A.2d 736, 740 (1976).

■    We find no abuse of discretion by the trial justice in excluding these questions, and in any event, we believe that their exclusion caused no prejudice to plaintiff.

■    The third evidentiary ruling to which plaintiff objects is a question asked of defendant Americo Cardi by defendant's attorney regarding the ninth lot. The defendants' counsel asked Cardi whether he was "able to obtain title" to the ninth lot by February 1, 1966, after signing the purchase and sale agreement in October 1965. The trial justice allowed the question to be asked over plaintiff's objection, and Cardi responded:

> "No, because we found out that my brother and I had to sign over the lots to him because we were the original owners, so that he could sign it back to us, — so I could resign it back."

The plaintiff argues that this question called for a legal opinion by the witness, and further, he points out that evidence was subsequently introduced showing that Cardi was not the original owner and thus the testimony was inaccurate. We do not agree that a legal opinion was asked for or given, and the accuracy of Cardi's testimony goes only to the question of credibility, not admissibility.

The plaintiff next argues on appeal that the findings of fact made by the trial justice were not supported by the evidence before him nor by the applicable law.

■    We have consistently held that where parties have submitted a controversy to a trial justice sitting without a jury, the findings of fact made by him are entitled to great weight and will not be disturbed on appeal unless it can be shown that such findings are clearly wrong or that the trial justice

misconceived or overlooked material evidence. *Rego Displays, Inc.* v. *Fournier,* 119 R.I. 469, 379 A.2d 1098 (1977); *De Bartolo* v. *Di Battista,* 117 R.I. 349, 367 A.2d 701 (1976); *Rehab* v. *Lemenski,* 115 R.I. 576, 350 A.2d 397 (1976); *Barattini* v. *McGovern,* 110 R.I. 360, 292 A.2d 860 (1972).

Our review of the record convinces us that the trial justice considered all of the evidence presented prior to making his findings of fact. He did not overlook nor misconceive any material evidence, nor were his findings clearly wrong.

Furthermore, we affirm the finding of the trial justice that plaintiff's claim was barred by laches. The granting of specific performance is not a matter of right, but rests in the sound discretion of the trial justice. *Jakober* v. *E.M. Loew's Capitol Theatre, Inc.,* 107 R.I. 104, 114, 265 A.2d 429, 435 (1970). Any party seeking to avail himself of this remedy must demonstrate that he was ready, willing and able to perform his part of the contract. *Id.* Although plaintiff in this case testified that she was at all times financially prepared to close the transaction, the record is clear that plaintiff's husband, who was acting as her agent, on several occasions refused to close because of tax problems. The plaintiff then waited until 1972 to file this action.

Our cases have recognized that the mere lapse of time does not constitute laches. *Ricciardi* v. *Town Council,* 107 R.I. 361, 364, 267 A.2d 738, 740 (1970); *Pukas* v. *Pukas,* 104 R.I. 542, 545-46, 247 A.2d 427, 429 (1968). "It is where unexplained and inexusable delay has the effect of visiting prejudice on the other party that the defense may be sucessfully invoked." *Pukas* v. *Pukas, supra.* Laches is a proper defense where the delay in asserting a right causes such inequities as to operate as an estoppel to the assertion of that right. *Chase* v. *Chase,* 20 R.I. 202, 204, 37 A. 804, 805 (1897).

In the case at bar, undisputed testimony was presented upon which the trial justice could properly find that the nine-lot parcel valued at $20,000 in 1966 was worth in excess of

$100,000 in 1972 when this action was instituted. The plaintiff's unexplained delay in bringing this suit, coupled with the dramatic rise in the value of the parcel, makes this case a proper one for invoking the doctrine of laches.[1]

The plaintiff's final contention on appeal s that the trial justice erred in denying her motion for a new trial. It is well settled that in a nonjury civil action when the trial justice decides both the law and the facts, he may grant a new trial only if he finds a manifest error of law in the judgment previously entered or if he is satisfied that newly discovered evidence, not available at the first trial, is of sufficient importance to warrant a new trial. *Colvin* v. *Goldenberg*, 108 R.I. 198, 273 A.2d 663 (1971).

In the case at bar, no newly discovered evidence was presented and there was no manifest error of law. Therefore, the plaintiff was not entitled to a new trial.

The plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Haig Barsamian,* for plaintiff.

*Thomas L. Marcaccio, Jr.,* for defendant.

---

[1]The plaintiff introduced evidence that her husband suffered heart attacks in 1966 and 1967, causing him to be out of work for a period of one month following each illness. This is clearly insufficient evidence to explain a six-year delay in filing this action.