Lawrence N. CANNONE

v.

NEW ENGLAND TELEPHONE AND TELEGRAPH CO. and Joseph T. Barton.

No. 81-188-Appeal.

Supreme Court of Rhode Island.

Feb. 1, 1984.

Edmond A. DiSandro, DiSandro-Smith & Associates, P.C., Inc., Providence, for plaintiff.

Peter J. McGinn, Tillinghast, Collins & Graham, Providence, for defendants.

OPINION

KELLEHER, Justice.

The plaintiff, Lawrence N. Cannone, and the defendant, Joseph T. Barton, were involved together in an automobile collision on August 9, 1977. The defendant was driving a car that belonged to his employer, New England Telephone and Telegraph Company, also a named defendant. The plaintiff sued both defendants, claiming that they were responsible for the collision; the corporate defendant counterclaimed, alleging that the plaintiff was responsible. A Kent County Superior Court jury agreed with the defendants, and the plaintiff appealed. Hereinafter we shall refer to the plaintiff as either Cannone or plaintiff, the individual defendant as Barton, the corporate defendant as the company, or the last two collectively as defendants.

On August 9, 1977, Cannone left his home in Warwick at 7:30 a.m. and drove south on Route 2. He was headed for Bonnet Shores in Narragansett, where he was to begin working for a vinyl-siding contractor. Ten minutes later, at 7:40 a.m., Barton left his home in Exeter and drove east on Stony Lane. He also was on his way to work, in his case at the company office in East Greenwich. Both parties arrived at the intersection of Route 2 and Stony Lane within thirty seconds of each other. What happened next is in dispute.

Cannone claimed that as he was proceeding through the intersection in the extreme right-hand lane of Route 2 with the green light in his favor, Barton, ignoring his red light, came through the intersection and struck Cannone's vehicle. Barton, on the other hand, said that when he arrived at the intersection, the light for eastbound traffic on Stony Lane was red, so he stopped and then proceeded through onto Route 2 only after his light had turned green. According to Barton, it was Cannone who disregarded the red light and it was his employer's car

that was negligently struck. The jury obviously believed Barton.

Cannone claims the trial justice made several erroneous rulings at trial pertaining to (1) admission of evidence, (2) jury instructions, (3) motion for a new trial, and (4) apportionment of costs.

■ Cannone's first claim is that the trial justice erred when he refused to grant Cannone's motion in limine for a protective order. Before trial, Cannone had filed a separate suit against the State of Rhode Island, alleging that it not only had defectively designed and reconstructed the intersection but also had failed to warn travelers of the intersection's dangerous condition. The protective order, if granted, would have barred defendants from introducing any facts concerning that suit.

The trial justice held a hearing on the motion and, as a result, permitted defendants the right to cross-examine plaintiff regarding his suit against the state.

Cannone claims that evidence of his suit against the state should have been excluded because it was irrelevant, immaterial, and highly prejudicial. However, he overlooks our well-established rule that a party who asserts contradictory claims in separate and distinct civil actions assumes the risk that those inconsistencies may be used to impeach the individual's credibility. *Bengtson v. Hines*, R.I. 457 A.2d 247 (1983); *Atlantic Paint & Coatings, Inc. v. Conti*, 119 R.I. 522, 381 A.2d 1034 (1977). Since Cannone had seen fit to blame his misfortune on the state's defective design of the intersection, he was fair game for the questions asked of him in this case during cross-examination by defendants' counsel. We cannot fault the trial justice's denial of Cannone's motion in limine.

■ Cannone's next claim is that the trial justice erred in excluding from evidence the fact that Cannone was found "not guilty" of a traffic offense arising from the collision. As a result of statements made at the scene, a North Kingstown police officer issued a summons to Cannone, charging him

with failure to yield the right of way. At the Administrative Adjudication Division (division) hearing on the charge, Cannone, in his words, was found "not guilty."[1]

The issuance of the summons was elicited during direct examination of the police officer. Later that day a conference was held in the absence of the jury. Cannone's counsel announced that he had "neglected" to ask the police officer what had been the final outcome of the summons. Defense counsel indicated that he would have objected to the evidence as irrelevant. This objection was sustained. An offer of proof was made and rejected.

Cannone claims that the trial justice was clearly wrong when he refused to permit Cannone to elicit the disposition of the summons. We disagree. The burden of proof before the division is proof by clear and convincing evidence. General Laws 1956 (1982 Reenactment) § 31-43-3. The burden in a civil case is a preponderance of the evidence.[2] Since the burden is greater before the division than in a Superior Court civil action, the dismissal of the failure-to-yield-the-right-of-way charge may merely have meant that the state or the concerned municipality had failed to satisfy the more rigorous burden rather than that the specific act charged did not occur. Consequently, we feel that evidence concerning the ultimate disposition of the failure-to-yield charge was properly excluded.

■ Cannone argues further that he should have been permitted to introduce the so-called acquittal evidence because it was a fact admitted by defendants during discovery. The defendants did admit that the charge against plaintiff had been dismissed. Nevertheless, they retained, as does any party that makes admissions under Rule 36 of the Superior Court Rules of Civil Procedure, the right to object to the introduction of this admission at trial. Under Rule 36, when an admission is offered at trial, it is subject to all of the pertinent objections to admissibility which may be interposed at trial, including relevancy. *Broy v. Inland Mutual Insurance Co.,* W.Va., 233 S.E.2d 131 (1977); 4A *Moore's Federal Practice,* ¶ 36.08 at 36–72, –73 (1983); 8 Wright & Miller, *Federal Practice and Procedure: Civil,* § 2264 at 741 (1970). Here, the difference in the standard of proof was sufficient reason for rejecting the use of the admitted fact at trial on grounds of relevancy.

■ Cannone next faults the trial justice for that portion of his charge that related to damages. However, there is no need for us to consider this issue. The trial justice submitted interrogatories to the jury to assist it in reaching a verdict. These interrogatories stipulated that the jury was to decide the issue of liability before it could assess damages. Once the jury found that it was Cannone, rather than defendants, who caused the mishap, the correctness of the charge on damages became moot.

■ Cannone has charged the trial justice with an abuse of discretion that relates to the interrogatories he submitted to the jury. He argues that these interrogatories, together with his comments on their use, suggested a verdict for defendants.

This court has on numerous occasions said that it will only review alleged errors in a trial justice's charge to the jury when an objection has been lodged to the charge and the reasons for the objection have been distinctly stated. *Tucker v. Mammoth Mart Inc.,* R.I., 446 A.2d 760 (1982); *Kelaghan v. Roberts,* R.I., 433 A.2d 226 (1981); *Young v. Park,* R.I., 417 A.2d 889 (1980); *Johnson v. Palange,* R.I., 406 A.2d 360 (1979). Here, Cannone failed to comply with this dictate, which is embodied in Rule

---

1. The record does not include any formal disposition of the summons. The "not guilty" claim is Cannone's expression. An examination of G.L.1956 (1982 Reenactment) § 31-43-3(1) indicates that the statute speaks in terms of establishing the "charge" by clear and convincing evidence rather than proof of guilt beyond a reasonable doubt.

2. In *Parker v. Parker,* 103 R.I. 435, 441, 238 A.2d 57, 60–61 (1968), the distinctions among the various degrees of proof can be found.

51(b). No objection was lodged to the use of the interrogatories or to the accompanying instructions. Consequently, we reject this facet of Cannone's appeal.

Cannon's next claim is that the trial justice erred when he denied plaintiff's motion for a new trial. The applicable standard in reviewing such a claim is that we shall uphold the denial unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Homecraft Builders, Inc. v. Samos*, R.I., 446 A.2d 1054 (1982); *Fox v. Allstate Insurance Co.*, R.I., 425 A.2d 903 (1981).

Cannone specifically alleges that the trial justice overlooked and clearly misconceived the material evidence relating to light sequencing, credibility, and liability.

An engineer for the Rhode Island Department of Transportation testified that the traffic-light system at the intersection of Route 2 and Stony Lane has five possible phases. The flow of traffic depends on what phase the system is in at any given moment, and the phases are controlled by pressure plates in the road. Rather than elaborate on the technical testimony, we think it sufficient to say that based on the engineer's testimony, our belief is that either Barton or Cannone had the green light. It was not physically possible for southbound traffic on Route 2 and eastbound traffic on Stony Lane each to have had a green light at the same time. Barton and Cannone each testified the light was in his favor, and as noted before, the jury chose to believe Barton.

The trial justice, in an independent review of the evidence and assessment of the litigants' credibility, was of the same mind. Since Cannone has failed to persuade us that the trial justice has overlooked or misconceived material evidence or was otherwise clearly wrong, we shall not disturb the denial of his motion for a new trial.

Finally, Cannone alleges another abuse of discretion in regard to the trial justice's apportionment of the costs of this suit. In a separate hearing on costs, the trial justice assessed costs at $523.70 and granted the full amount to defendant company, 50 percent as prevailing party on Cannone's complaint and the remaining 50 percent as prevailing party on its counterclaim. The order assessing costs also provided that if the fifty/fifty allocation was later found to be incorrect, the full amount would be awarded to the company simply as "prevailing party."

General Laws 1956 (1969 Reenactment) § 9–22–5 provides that "[i]n civil actions at law, the party prevailing shall recover costs, except where otherwise specially provided, or as justice may require, in the discretion of the court." Here, the trial justice awarded one half of the costs to the company as the prevailing party on its counterclaim and the remaining half to the company as the prevailing party on Cannone's claim. He explained his Solomon-like approach by stating that he did not believe that Cannone's insurer should be required to bear the entire burden of paying the costs. However, the trial justice's March 1981 belief later became completely nullified by a September 1981 settlement in full by Cannone's insurer of the company's counterclaim. In its brief, the company acknowledges that the settlement included its receipt of the entire award of the costs assessed by the trial justice. This acknowledgment moots the final phase of Cannone's appeal.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.