354 A.2d 736.

JOSEPH R. MERCURIO *vs.* A. R. FASCITELLI
AND FASHION BUILDERS, INC.

APRIL 6, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

JOSLIN, J. In this civil action the plaintiff seeks to recover for personal injuries and property damage allegedly sustained when a motor vehicle owned and operated by him collided with one owned by one defendant and operated by the other. The case was tried to a jury in the Superior Court which returned a plaintiff's verdict of $22,500 against each defendant. The defendants appeal, claiming that the trial justice erred in certain evidentiary rulings, in refusing 8 of their 26 requests for jury instructions, and in denying their motion for a new trial. We consider only the case against the defendant-operator, but what we say with respect to him applies equally to the case against the defendant-owner.

No extensive discussion of the facts, most of which are in sharp dispute, is required. The accident took place on Branch Avenue in Providence at about 9:20 p.m. on No-

vember 19, 1965. The plaintiff claims that he was emerging onto Branch Avenue from a parking lot on the corner of Branch Avenue and Woodward Road. He further states that as he approached the exit, he stopped and looked but saw no vehicle coming from either direction. He then entered Branch Avenue, where he was struck in the right rear by defendant's vehicle, which was proceeding along Branch Avenue without lights.

The defendant, on the other hand, testified that he was traveling at about 20-25 miles per hour in the lane nearest the center line heading easterly on Branch Avenue, and that his headlights were on and that his automobile was in good condition. As he approached the intersection of Branch Avenue and Woodward Road, he observed plaintiff's automobile, which he asserts was coming from his left out of Woodward Road. It turned east on Branch Avenue without either stopping or slowing down at the boulevard stop sign controlling Woodward Road traffic. At that point defendant applied his brakes and swerved to the right in an attempt to avoid a collision, but to no avail for plaintiff's right front bumper struck his automobile at the driver's door with resulting damage to its entire left side.

The plaintiff's version was obviously the more acceptable to the jury, whose verdict was for him, and to the trial justice, who ruled in his favor on defendant's motion for a new trial.

This is the second time this case has been before us. In the first case plaintiff appealed from a judgment for defendant, and we reversed on the ground that evidence of defendant's prior convictions for traffic violations which had occurred less than 3 years prior to trial, even though unrelated to his honesty, should nonetheless have been admitted to impeach his credibility. *Mercurio v. Fascitelli*, 107 R. I. 511, 516-17, 268 A.2d 427, 430-31 (1970).

240

A 4-year interval separated this trial from the earlier one. The defendant now argues that since the convictions which occurred slightly less than 2 years prior to the time of the first trial were more than 6 years old when offered at the second trial, they should have been excluded as too remote. The plaintiff labels that argument "fatuous" and we agree. The rule of common sense dictates that evidence of a prior conviction, if clearly admissible at an original trial, should not be rejected at a retrial on remoteness grounds.

The defendant, citing *State* v. *Contreras*, 105 R. I. 523, 539-40, 253 A.2d 612, 621-22 (1969), next contends that the written report of the investigating police officer "presented a classic example of past recollection recorded" and that the document should therefore have been admitted as an exhibit. But the rule enunciated in the *Contreras* case applies only if the past perceptions which are recorded in the writing are based upon the witness' personal observations rather than upon what others have told him. McCormick, *Evidence* §300 at 713 (1972 ed.); 3 Wigmore, *Evidence* §747 at 100 (Chadbourn rev. ed.) 1970). In this case the police report did not qualify for admission because it included not only what the officer observed at the scene, but also what the parties told him about how the accident happened.[1] The same response is available to meet defendant's contention that the police report was admissible as a business record. *See Quint* v. *Pawtuxet Valley Bus Lines*, 114 R. I. 473, 478-82, 335 A.2d 328, 331-33 (1975).

A further assignment of error is to the trial justice's refusal to instruct the jury as requested by defendant. One of those requests was to charge that "[w]here an auto-

---

[1]While the production of the suppliers of the information at the trial may avoid application of the rule, McCormick, *Evidence* §300 at 713 (1972 ed.), there is no contention that this was true here.

mobile driver is confronted with a sudden emergency *not created by him* which he could not have reasonably foreseen, failure to anticipate it and to take effective precautions against it is not actionable negligence." (Emphasis added.) That request is based upon *Lamarque* v. *Masse,* 76 R. I. 382, 387, 71 A.2d 100, 102 (1950). As the italicized language of defendant's request makes clear, however, that doctrine is unavailable when the emergency is created by the actor's own negligence, for to permit benefit from the emergency to be claimed by one responsible for its creation would provide him with a shield fabricated out of his own fault. That is the situation in this case, where, if plaintiff's testimony is believed, defendant at the time of the collision was operating negligently. Hence the sudden emergency doctrine is unavailable to him as a defense. Prosser, *Torts* §33 at 170 (4th ed. 1971).

Of the remaining requests for instructions, one was inappropriate. The others, though perhaps not in each instance given in the precise form requested, were clearly stated in substance and were adequately covered in the court's charge to the jury. No more was required. *Ballet Fabrics, Inc.* v. *Four Dee Realty Co.,* 112 R. I. 612, 621, 314 A.2d 1, 6 (1974); *Young* v. *Coca-Cola Bottling Co.,* 109 R. I. 458, 464, 287 A.2d 345, 348 (1972); *Goldis* v. *Fairchild,* 103 R. I. 746, 750-51, 241 A.2d 298, 301 (1968).

The only other contention meriting more than limited consideration is defendant's claim that the trial justice erred in not granting him an unconditional new trial or at least a new trial on the issue of damages. The claim to the unconditional new trial rests on the assertion that the trial justice's findings of fact are based upon misconceptions and oversights of material evidence on controlling issues. In that circumstance, defendant argues, we must examine the record without the benefit of the trial justice's appraisal of the witnesses' credibility and the weight of their testimony, and he further argues that such exam-

ination will convince us that "* * * the great weight of the evidence support[s] the case of the defendants and that the plaintiff has not proven his case by a preponderance of the legal evidence."

This contention is unsound because defendant inaccurately uses the labels "misconceptions" and "oversights" to describe what in essence is no more than a partisan conviction that his, rather than plaintiff's, is the more credible of the two diametrically opposed versions of how the collision occurred. It is also unsound because even our acquiescence in that conviction does not necessarily entitle defendant to a new trial. Instead, it calls for application of the appellate rule and an independent examination of the record, not, as defendant argues, to learn where in our judgment the truth lies, but solely to ascertain whether it contains any competent evidence which, if believed, would support the verdict. *Harter* v. *Home Indemnity Co.*, 111 R. I. 340, 352-53, 302 A.2d 793, 800 (1973); *Lamont* v. *Central Real Estate Co.*, 110 R. I. 438, 445, 294 A.2d 195, 199 (1972); *State* v. *Contreras, supra* at 531, 253 A.2d at 617. But when the record is viewed in this light, it does not support defendant's position. Instead, it lends credence to the trial justice's observation that, "[t]o listen to the testimony * * * gave one the impression that the plaintiff and defendant were describing different accidents." In our judgment, as in his, plaintiff's version furnished an adequate testimonial basis for the jury verdict. Thus, even were we to accept defendant's hypothesis that the trial justice misconceived and overlooked material evidence, we would nonetheless under the cases just cited be precluded from interfering with the verdict.

The defendant argues alternatively that in any event the trial justice should have granted a remittitur of at least $5,000 or ordered a new trial limited to the issue of

damages. This same argument was undoubtedly made when defendant argued his motion for a new trial in the Superior Court. The trial justice's response was that the jury, in his judgment, had not been overly liberal in awarding $7500 for medical expenses and lost wages, about $500 for property damage, and approximately $14,500 for pain and suffering to a plaintiff "* * * who had a very painful disc situation, went through a myelogram, was operated on, disabled for a number of months—approximately seven and a half months before he could return to work." Continuing, the trial justice said that had the case been tried before him without a jury he would have awarded plaintiff "in excess of $25,000 and probably below $30,000."

In sum, it was the trial justice's opinion, and we agree, that the jury's reimbursement to plaintiff for his out-of-pocket expenses was not grossly excessive and that it had an adequate evidentiary foundation. Moreover, there was no demonstrable disparity between the pain and suffering endured because of the injury sustained and the amount awarded by the jury. The defendant has not persuaded us that the trial justice erred within the contemplation of the controlling principles referred to in *Wood* v. *Paolino,* 112 R. I. 753, 315 A.2d 744 (1974); *Lamont* v. *Central Real Estate Co., supra* at 445-47, 294 A.2d at 199-200, and *Young* v. *Coca-Cola Bottling Co., supra* at 473, 287 A.2d at 353.

Finally, we consider the defendant's argument that "[t]he Trial Justice made certain rulings as to the introduction and exclusion of evidence in the course of the trial which were erroneous and prejudicial to the defendants." Some of the approximately 30 rulings which the defendant groups under this general caption are so clearly unfounded in law as to merit no discussion; others are unsupported either by argument or citation of authority and hence under our Sup. Ct. R. 16 entitled to no con-

sideration; and still others are in discretionary areas where no abuse of discretion has been claimed or shown. Moreover, even if one or more of the rulings complained of were erroneous, the defendant has not established that any evidence improperly admitted "* * * reasonably tended to exert an influence upon the determination of the real issue in the case," *Heuser* v. *Goldstein,* 107 R. I. 317, 321, 267 A.2d 420, 422 (1970), or that any evidence improperly excluded was relevant and material to a crucial issue and could with reason be said, if admitted, to have had a probable influence on the verdict or a controlling influence on a material aspect of the case. *Urbani* v. *Razza,* 103 R. I. 445, 449, 238 A.2d 383, 386 (1968). These are the benchmarks for determining whether evidentiary rulings of the kind complained of are sufficiently prejudicial to warrant reversal. What we have said about defendant's contention with respect to the evidentiary rulings grouped under the one caption applies equally to his contentions with respect to the evidentiary rulings argued separately.

The defendants' appeal is denied and dismissed, and the judgments appealed from are sustained.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration of this case. Mr. Justice Doris did not participate.

Motion of defendants to reargue denied.

*Gunning, LaFazia, Gnys & Selya, Inc., Guy J. Wells,* for plaintiff.

*Martin M. Zucker,* for defendants.