STATE

v.

Lawrence COPPOLA.

No. 83–622–C.A.

Supreme Court of Rhode Island.

Dec. 5, 1985.

Arlene Violet, Atty. Gen., Constance Messore, Timothy Conlon, Sp. Asst. Attys. Gen., for plaintiff.

Joseph A. Bevilacqua, Jr., Despina Marsella, Bevilacqua, DeSimone & Gosz, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from a judgment of conviction of first-degree arson in violation of G.L. 1956 (1981 Reenactment) § 11–4–2. Following the trial, a motion for new trial was denied, and the defendant was sentenced to fifteen years' imprisonment. We reverse. The facts of the case insofar as they are pertinent to this appeal are as follows.

On March 14, 1981, at approximately 10:30 p.m., Donna Surprenant (Donna) heard a loud noise outside her apartment, located at 1989½ Smith Street in the town of North Providence. She rose from her bed and looked out through her front windows. At that point she saw two white males running from the area from which the sound had apparently come. These persons ran to a brown motor vehicle bearing Rhode Island registration number LC–145 and drove down Woonasquatucket Avenue.

Donna then put on a coat and went downstairs to see what had taken place. She observed a fire in progress in an adjacent structure known as the Welfare Building. At that time she encountered a police officer, Patrolman Raymond Torregrossa, to whom she described what she had seen and stated that the noise she had heard sounded as though a window had been broken, after which an alarm had sounded, a bell type of alarm. She then stated to the officer that she noticed two men who were now witnessing the fire in the adjacent building who looked like and were dressed similarly to the two she had seen running beneath her window. She also noted that the brown automobile with the same Rhode Island registration was now parked in the vicinity. She also described to Patrolman Torregrossa the general physical characteristics of and the clothing worn by these previously observed persons. Patrolman Torregrossa and Sergeant Angelo Rotondo placed these two individuals under arrest. Later Donna went to the North Providence police station where she looked at a number of photographs. At that time she selected two photographs that portrayed individuals who were not those who had been arrested. The photographs that Donna had selected were not available at trial.

At a motion to suppress the identification evidence, counsel for the state asserted to the court that he would not present Donna for an in-court identification in the course of the trial, but would rely upon statements which she had made to the police (presumably including a written statement given to Sergeant James E. Cerep) and would also rely upon the testimony of the police officers, Patrolman Torregrossa and Sergeant Rotondo, in whose hearing the purported on-street identifications were made.

Although Donna did testify at trial, she was not asked to make an identification of the two defendants who were on trial. She testified only concerning the events of the night and certain contextual observations that she had made. The testimony regarding the identification of this defendant and

his codefendant[1] came entirely from the police officers to whom Donna had spoken, from a written statement that she had given at the North Providence police station, and also from her prior testimony before the grand jury.

In support of his appeal, defendant raises a number of issues. We are of the opinion that only two of these issues need to be addressed.

## I

### THE PROPRIETY OF ADMISSION OF TESTIMONY OF THE ARRESTING OFFICERS CONCERNING OUT-OF-COURT STATEMENTS MADE BY DONNA AND EVIDENCE OF HER TESTIMONY BEFORE THE GRAND JURY

This issue requires us to restate and reevaluate certain basic evidentiary principles that have long been recognized by this court as part of its common-law rules of evidence. Generally, an out-of-court statement, oral or written, made by a declarant and offered for the proof of the matter asserted constitutes hearsay and is inadmissible in evidence. *State v. Jalette,* 119 R.I. 614, 619, 382 A.2d 526, 529 (1978); *State v. Palmigiano,* 112 R.I. 348, 359, 309 A.2d 855, 861 (1973); *McCormick's Handbook of the Law of Evidence* § 246 at 584 (2d ed. Cleary 1972).

There is no question that Donna's out-of-court statements were offered to prove the matter asserted therein and would constitute hearsay unless they were appropriately admitted under some previously defined exception to that rule.

### A. EXCITED UTTERANCE

There is no claim in this case that Donna, in talking to the police officers, was so under the stress or excitement of a dramatic event as to be placed within this exception to the hearsay rule. Her statements to the police were such that no serious

argument could be made that her reflective faculties were stilled and her normal controls absent as a result of external shock. *See In re Daniel,* — R.I. —, —, 456 A.2d 258, 260 (1983); *State v. Jalette,* 119 R.I. at 619, 382 A.2d at 529; 6 Wigmore, *Evidence* § 1747 at 195 (Chadbourn rev. 1976). Indeed, the state does not argue, nor did the trial court hold, that these statements constituted spontaneous utterances.

### B. PRIOR INCONSISTENT STATEMENTS

■ This court has long recognized as an exception to the hearsay rule that a prior inconsistent statement of a witness may be introduced into evidence, not for the truth of the matter asserted, but in order to impeach the credibility of the witness's testimony given in court and under oath. *See, e.g., State v. Isaac,* — R.I. —, —, 477 A.2d 62, 66 (1984); *State v. Freeman,* — R.I. —, — n. 1, 473 A.2d 1149, 1151 n. 1 (1984); *State v. Roddy,* — R.I. —, —, 401 A.2d 23, 35 (1979); *State v. Bowden,* 113 R.I. 649, 661, 324 A.2d 631, 639 (1974), *cert. denied* 419 U.S. 1109, 95 S.Ct. 782, 42 L.Ed.2d 805 (1975).

In the case at bar, the trial justice recognized this general rule by instructing the jury that it could not consider prior inconsistent statements as substantive evidence. The difficulty with admitting Donna's prior statements to the police officers as prior inconsistent statements lies in the fact that Donna made no in-court identification in the course of the trial and, consequently, made no statement that could be impeached by a prior inconsistent statement. It is true moreover, that her testimony on the motion to suppress was very uncertain in respect to identifying either defendant then on trial and that the state's counsel informed the court that his principal witness's willingness to identify defendants

---

**1.** This appeal does not deal with the codefendant, Edward Lato, since the jury failed to reach a verdict in respect to his case and a mistrial was declared regarding him.

had significantly diminished from the time of her initial statement to the police.

Although state's counsel admitted that he was not surprised by Donna's unwillingness or inability to give a definite identification of defendants at trial, he sought and obtained permission to use the technique of cross-examination in eliciting testimony from her. Thus, it might be argued that state's counsel attempted to impeach his own witness even in the absence of any testimony on the subject of identification.

In the circumstances of this case, even if Donna's statements had properly been admitted as prior inconsistent statements, they could not have been used as substantive evidence of the matter asserted therein. Indeed, the trial justice's instruction to the jury recognized this limited use. Unlike the problem presented in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), we are not faced with a statute such as Cal.Evid.Code § 1235 (West 1966), which authorized the use of prior statements as substantive evidence. We have consistently adhered to that which was described in *California v. Green* as "[t]he orthodox view, adopted in most jurisdictions, [which] has been that the out-of-court statements are inadmissible for the usual reasons that have led to the exclusion of hearsay statements * * *." *Id.* at 154, 90 S.Ct. at 1933, 26 L.Ed.2d at 494. Consequently, under the rule prevailing in this jurisdiction, Donna's prior statements could not have been considered by the jury as substantive evidence of identification of defendant.

## C. PRIOR CONSISTENT STATEMENTS

■ It has also been recognized that the prior consistent statement of a witness may be introduced in evidence in order to rehabilitate the witness after he or she has been impeached by means of a prior inconsistent statement or otherwise impeached by a claim of recent fabrication. *See State v. Bracero,* — R.I. —, —, 434 A.2d 286, 290–91 (1981). *See generally* 4 Wigmore,

*Evidence* §§ 1122–1132 at 254–96 (Chadbourn rev. 1972). We have also held that a prior consistent statement is inadmissible to buttress the in-court testimony of a witness in the absence of impeachment and the need for rehabilitation. *State v. Ouimette,* 110 R.I. 747, 760–61, 298 A.2d 124, 133 (1972).

In any event, prior consistent statements, when admissible, are not admitted for the truth of the matter asserted but only to rehabilitate the witness who has been impeached. *State v. Ouimette, supra;* 4 Wigmore, § 1132 at 294.

In the case at bar, even assuming that Donna's credibility was impeached by showing that she had selected at the North Providence police station two photographs of persons other than defendants on trial, it is difficult to state that she could have been impeached in relation to an identification in court when no such identification was made. However, assuming, without deciding, that the prior consistent statement was properly admitted, it could not be admitted for the proof of the matter asserted but only to rehabilitate the testimony of the witness given at trial.

■ An examination of the evidence in the case also indicates that state's counsel sought to "impeach" Donna. When referring to her testimony before the grand jury, he asked her whether she had made a positive identification of defendants. The grand jury testimony did indicate that she had made a positive identification. As with any other prior statement, this evidence could not be introduced for the proof of the matter asserted but only to buttress or rehabilitate testimony given at trial.

■ The state relies to a great extent upon our recent opinion in *State v. Long,* — R.I. —, 488 A.2d 427 (1985), in which we approved of the introduction of a pretrial identification for the purpose of buttressing the testimony of a state's witness who had given an in-court identification at trial. In that case we emphasized the great testimonial value of pretrial-identification testimony, its reliability, and the ability of defense counsel to cross-examine

the witness who made not only the in-court identification but the pretrial identification as well. It is significant to note that *State v. Long* did not deal with a case in which there was no in-court identification, neither did it deal with a case in which state's counsel was, in effect, cross-examining the complaining witness rather than defense counsel cross-examining the same witness.

It should be noted that in *State v. Long*, we cited a California case, *People v. Gould,* 54 Cal.2d 621, 626–27, 7 Cal.Rptr. 273, 275, 354 P.2d 865, 867 (1960), as authority for the use as substantive evidence of a pretrial identification under the more modern view. It is well to point out that in *People v. Gould*, the Supreme Court of California held without equivocation that an extrajudicial identification that cannot be confirmed by an identification at the trial is not sufficient to sustain a conviction in the absence of in-court evidence tending to connect the defendant with the crime. *Id.* at 631, 7 Cal.Rptr. at 278, 354 P.2d at 870.[2]

We have recently taken great care to exclude testimony given by a third person in regard to a prior statement of a witness in a criminal case when that statement did not clearly meet the requirement of a recognized exception to the rule against hearsay. In *State v. Burgess,* —— R.I. ——, ——, 465 A.2d 204, 207 (1983), we held that testimony by a physician recounting the details of a sexual assault given him by the victim did not qualify for the medical-history exception to the hearsay rule, nor did it fall within the spontaneous-utterance exception to the hearsay rule. We further stated in *Burgess* that the recounting of a statement by such a professional person as a physician would give substantial stature to the prior statement in the eyes of the jury and thus would be extremely prejudicial. In the case at bar, the skillful avoidance of presenting the uncertain testimony of the state's principal witness at trial together with the production of prior statements through the testimony of police officers and her testimony before the grand jury enormously enhanced the quality of doubtful testimony by glossing it with a patina of certainty through the eyes of others.

■ Consequently, Donna's prior statements should not have been received as substantive evidence against defendant. Moreover, since Donna gave no identification testimony at trial, there was nothing to be impeached and therefore nothing to be rehabilitated. The prior statements should not have been received under either theory.[3]

### D. MEMORANDUM OF PAST RECOLLECTION RECORDED

■ A further exception to the hearsay rule that might be raised is the doctrine

---

**2.** We had earlier cited *People v. Gould,* 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960), in *State v. Nordstrom,* 104 R.I. 480, 244 A.2d 842 (1968). We suggested in that opinion that evidence of an extrajudicial identification may be admitted regardless of whether the testimonial identification in court has been impeached. In that case, however, there was an in-court identification of the defendant by the victim of a sexual assault. Moreover, we determined that there had been an implicit suggestion during cross-examination of recent fabrication. Consequently, this case cannot be considered authority for departure from our general rule in respect to prior consistent statements that there must be testimony at trial which is sought to be rehabilitated by the prior statement.

**3.** We are mindful that under Rule 801(d)(1)(C) of the Federal Rules of Evidence, as amended effective October 31, 1975, a prior statement of identification is excluded from the limitations of the hearsay rule. This provision, however, was controversial and was deleted by the Conference Committee when the federal rules were initially adopted because of the concern that a person could be convicted solely upon evidence admissible under 801(d)(1)(C). Notes of Committee on the Judiciary, Senate Report No. 93–1277, Notes to Subdivision (d)(1)(C), *reprinted* in 28 U.S.C.A. Rule 801 at 134 (West 1984). This amendment to the federal rule is described in Binder, *Hearsay Handbook* § 34.02 at 413 (2d ed. 1983), as expanding the exception far beyond that which was previously recognized in federal courts or in any state court. Since Rhode Island has not adopted the Federal Rules of Evidence, the foregoing provision is not a sufficient basis upon which to overrule our prior cases limiting the use of prior inconsistent and consistent statements of a witness who testifies at trial. *See State v. Potter,* —— R.I. ——, 423 A.2d 67 (1980).

relating to the admissibility of a memorandum of past recollection recorded. We have recognized this doctrine in both civil and criminal cases. *See, e.g., Mercurio v. Fascitelli*, 116 R.I. 237, 240, 354 A.2d 736, 738–39 (1976); *State v. Contreras*, 105 R.I. 523, 540, 253 A.2d 612, 621–22 (1969). In *Mercurio*, 116 R.I. at 240, 354 A.2d at 739, we referred to *McCormick's Handbook of the Law of Evidence* § 300 at 713 and 3 Wigmore, *Evidence* § 747 at 100 (Chadbourn rev. 1970), as setting forth the necessary predicate for admissibility of a memorandum of prior recollection recorded as opposed to the use of a memorandum for the purpose of refreshing present recollection. This requirement is succinctly set forth in *McCormick*, § 299 at 712.

"As the rule permitting the introduction of past recollection recorded developed, it required that four elements be met: (1) The witness must have had firsthand knowledge of the event, (2) the written statement must be an original memorandum made at or near the time of the event and while the witness had a clear and accurate memory of it, (3) *the witness must lack a present recollection of the event,* and (4) the witness must vouch for the accuracy of the written memorandum." (Emphasis added.)

McCormick goes on in § 302 at 714–15, to state:

"The traditional formulation of the rule, still adhered to by most courts, requires that before a past recollection recorded could be received in evidence the witness who made or recognized it as correct must testify that he lacks present memory of the events and therefore is unable to testify concerning them. If examining the writing refreshes the recollection of the witness, under this approach the writing is thus rendered inadmissible and the witness must testify from his newly refreshed recollection."

The record in the present case discloses no testimony by Donna that would meet the requirement of laying the foundation for the introduction of excerpts from her prior statements under the doctrine of past recollection recorded. At no point did she testify that she had no present recollection of the events that took place on March 14, 1981, surrounding the fire at the Welfare Building located next door to her apartment. Her testimony both at the motion to suppress and during the course of the trial indicated an uncertainty concerning the identification of both defendants. That uncertainty was greater in respect to defendant Lato than to defendant Coppola. Nevertheless, the closest she came to identifying defendant Coppola occurred at the suppression hearing when she stated that he "resembled" one of the persons whom she saw leaving the building after she heard the noise at the time of the fire. Although she expressed uncertainty, she did not state at any time that her observations of the events at the time of the fire were accurate and clear, that she had recorded such observations, *and that at the time of trial that recollection had become exhausted.* Consequently, the prior statements Donna made to the police officers and to the grand jury could not be properly admitted as memoranda of past recollection recorded.

## II

## THE MOTION FOR JUDGMENT OF ACQUITTAL

Having concluded that Donna's prior statements, whether consistent or inconsistent with her trial testimony, were substantively inadmissible, we are confronted with the question of the adequacy of the remaining evidence upon which to base a judgment of conviction. We recognize that a trial justice in passing upon a motion for judgment of acquittal, must view the evidence in the light most favorable to the state and must draw all reasonable inferences that are consistent with the guilt of the accused. *See, e.g., State v. Cooke,* — R.I. —, —, 479 A.2d 727, 731–32 (1984); *State v. Cembrola,* — R.I. —, —, 469 A.2d 362, 365 (1983); *State v. Austin,* — R.I. —, —, 462 A.2d 359, 364 (1983).

However, all of the foregoing cases further require that the evidence be sufficient, if believed, to warrant a jury's finding that guilt has been established beyond a reasonable doubt. *State v. Cooke,* —— R.I. at ——, 479 A.2d at 732; *State v. Sundel,* 121 R.I. 638, 644, 402 A.2d 585, 589 (1979).

In the case at bar, in light of our determination that the prior statements of the state's principal witness were not admissible for the proof of the matter asserted, whether such statements are construed to be prior inconsistent statements or prior consistent statements, and since no adequate foundation was laid for introduction of the prior statements as memoranda of past recollection recorded, there is virtually a complete absence of substantive evidence upon which to base an identification of the defendant. All that remains is circumstantial evidence capable of establishing no more than a strong suspicion in regard to the presence of this accused and the presence of his automobile at the scene of the fire. This quantum of evidence falls woefully short as a matter of law of proof beyond a reasonable doubt.

For the reasons stated, the defendant's appeal is sustained, the judgment of conviction is reversed, and the papers in the case may be remanded to the Superior Court with directions to enter a judgment of acquittal in favor of the defendant.

BEVILACQUA, C.J., did not participate.