Kevin A. CAHILL

v.

William M. GAGNON, alias, et al.

No. 2000–371–APPEAL.

Supreme Court of Rhode Island.

April 2, 2002.

Ronald J. Resmini, Providence, for plaintiff.

James E. Kelleher, Warwick, for defendant.

BEFORE: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

### OPINION

PER CURIAM.

The plaintiff, Kevin A. Cahill, has appealed from the entry of judgment in favor of the defendants, William M. Gagnon, alias (Gagnon or defendant), and the Rhode Island Public Transit Authority (RIPTA) in this personal injury action. This case came before the Supreme Court for oral argument on March 6, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record, the memoranda of the parties, and the oral arguments of counsel, we are of the opinion that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

On November 7, 1996, plaintiff's truck collided with a RIPTA bus operated by Gagnon. The plaintiff filed suit against RIPTA and Gagnon (collectively, defendants), alleging that he sustained personal injuries as a result of defendants' negligence. The jury returned a verdict in

favor of defendants, and after the denial of his motion for a new trial, plaintiff appealed.

■ The plaintiff raised three issues on appeal. First, he asserted that the trial justice erred in refusing to charge the jury on the doctrine of spoliation regarding certain "courtesy cards" that Gagnon distributed to bus passengers following the accident. The cards requested passengers' names, addresses, telephone numbers, and a brief statement about the accident. Because there was no evidence that the cards were filled out and returned by any of the passengers, and because there was no evidence that defendants deliberately or negligently destroyed the cards, the trial justice properly refused to instruct the jury with respect to the doctrine of spoliation. *Farrell v. Connetti Trailer Sales, Inc.*, 727 A.2d 183, 186 (R.I.1999) (per curiam); *Labrecque v. Branton Yachts Corp.*, 457 A.2d 617, 619 (R.I.1983).

■ Second, plaintiff argued that the trial justice erred in refusing to admit into evidence a police report, prepared by a police officer who had been present at the scene of the accident. The plaintiff contended that because the police officer had no independent recollection of the accident, the officer's report was admissible under Rule 803(5) of the Rhode Island Rules of Evidence as past recollection recorded. In ruling that the officer's report was inadmissible, the trial justice concluded that the report was hearsay because it contained the observations and recollections of unidentified persons other than the officer. We agree with the trial justice.

To be admissible under Rule 803(5), a document must concern a matter "about which a witness once had knowledge." Thus, the rule requires that the perceptions recorded in the record be "based upon the witness'[s] personal observations *rather than what others have told him.*"

Advisory Committee's Note to Rule 803(5) (quoting *Mercurio v. Fascitelli*, 116 R.I. 237, 240, 354 A.2d 736, 738–39 (1976)). (Emphasis added.) In the instant case, the police report did not qualify as a past recorded recollection because the officer's report was not based upon his personal observations but instead was based upon what others at the scene of the accident had told him. Moreover, plaintiff's counsel did not assert that the underlying statements contained in the report were excluded or excepted from the hearsay rule on any independent basis. Therefore, we conclude that the trial justice properly excluded the report.

■ Third, plaintiff claimed that the trial justice erred by refusing to permit plaintiff to elicit on cross-examination—for the purpose of impeaching his credibility—the precise number of accidents in which defendant had been involved during his tenure as a RIPTA bus driver. At a deposition, Gagnon had testified that he had had two or three accidents during his employment with RIPTA. Gagnon's employee safety records subsequently showed, however, that he had thirty-one entries in his record, including collisions in which he was at fault, "fender benders," and other incidents. At trial, the trial justice refused to allow plaintiff's counsel to impeach Gagnon using the actual number of incidents reported in his safety record, after concluding that the jury improperly might infer that defendant was a reckless driver, thereby causing undue prejudice to defendant. The trial justice did, however, permit plaintiff's counsel to point out the inaccuracy in Gagnon's deposition testimony in a more general manner. Specifically, plaintiff's counsel asked Gagnon, "And isn't it safe to say that that answer [that you had been involved in two or three accidents] is not correct?" Gagnon an-

swered, "Yes," and the trial justice at that point gave a limiting instruction.

Rule 403 of the Rhode Island Rules of Evidence provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." This Court has stated that "determinations of relevance and prejudice are within the sound discretion of the trial justice, and such determinations will be upheld absent a showing of an abuse of this discretion." *DiPetrillo v. Dow Chemical Co.*, 729 A.2d 677, 692 (R.I. 1999). Moreover, here the jury improperly might have construed the total number of all incidents as evidence that Gagnon possessed the pertinent character trait of recklessness and concluded that Gagnon acted recklessly on the date of the accident in conformity therewith. Such an inference is prohibited under Rule 404 of the Rhode Island Rules of Evidence. The record discloses that the plaintiff was adequately permitted to impeach the defendant's credibility by establishing that Gagnon had been inaccurate in his previous testimony. We conclude, therefore, that the trial justice did not abuse her discretion in refusing to permit the plaintiff's counsel to elicit the actual number of accidents.

In conclusion, we deny and dismiss the plaintiff's appeal, and we summarily affirm the judgment of the Superior Court.